**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**SHAWN LYNN ROHRBAUGH,**

  **Petitioner,**

**v.**              **Civil Action No. 2:12cv35**
                **Criminal Action No. 2:10cr10**
**UNITED STATES OF AMERICA,**    **(Judge Bailey)**

  **Respondent.**

## REPORT AND RECOMMENDATION

## I. INTRODUCTION

On May 14, 2012, the *pro se* petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.[1] The respondent was not ordered to answer the motion.

This matter is pending before me for initial review and report and recommendation pursuant to LR PL P 83.09.

## II. FACTS

**A. Conviction and Sentence**

On September 1, 2010, petitioner signed a plea agreement by which he agreed to plead guilty to Count Two of the indictment, distribution of approximately 2 grams of a mixture and substance containing a detectable amount of methamphetamine, in violation of Title 21, U.S.C. §841(a)(1). The petitioner waived his right to appeal and to collaterally attack his sentence. Specifically, the petitioner's plea agreement contained the following language regarding his waiver:

---

[1]Dkt.# 61.

1

> 11. Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, and in exchange for the concessions heretofore made by the United States in this plea agreement, Defendant knowingly and voluntarily waives the right to appeal any sentence which is within the maximum provided in the statute of conviction[1] or in the manner in which that sentence was determined on any ground whatever, including those grounds set forth in Title 18, United States Code, Section 3742. Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255 (habeas corpus). The United States does not waive its right to appeal the sentence; however, in the event that there would be an appeal by the United States, Defendant's waiver contained in this paragraph will be voided provided Defendant complies with the provisions of Rule 4(b)(1)(A)(ii) of the Federal Rules of Appellate Procedure.

(Dkt.# 31, ¶11 at 5).

On October 1, 2010, the petitioner entered his plea in open court. (Dkt.# 66). Petitioner testified that he could read write and understand the English language. (Id. at 3). He reported that he was 32 years old and had last attended eighth grade but later obtained a GED. (Id. at 4). He denied having taken any medicine, drugs or alcohol within the preceding 24 hours. (Id. at 3). He denied that he was taking any medication or treatment that would have an effect on his ability to comprehend or participate in the hearing. (Id. at 5). The Assistant U.S. Attorney read aloud or summarized the entire plea agreement, including paragraph 11, *supra*, in open court. (Id. at 6 – 12). Petitioner did not object to any part of the plea agreement. (Id. at 10). Petitioner testified that he had reviewed the plea agreement in detail with his attorney before signing it. (Id. at 14). Petitioner stated he understood and agreed with all the terms and conditions of the plea agreement. (Id. at 13). The Court specifically asked if petitioner understood the waiver of appellate and post-conviction relief rights and petitioner said that he did. (Id. at 13). The Court the asked defense counsel if he believed that petitioner fully understood the importance of the

---

[1] Paragraph 2 of the Plea Agreement specified that the maximum penalty petitioner would be exposed to by virtue of his plea was not more than twenty years' incarceration. (Dkt.# 31 at 1).

2

waiver of his appellate rights and counsel said that he did believe petitioner understood. (Id.). The Court then reviewed all the rights petitioner was giving up by pleading guilty. (Id. at 18 - 20). During the plea hearing, the Government presented the testimony of Trooper Douglas Scott See of the West Virginia State Police to establish a factual basis for the plea. (Id. at 20 - 25). Petitioner's counsel did cross examine the witness when given the opportunity. (Id. at 25). Petitioner did not object to the witness' characterization of the events. (Id.).

After the Government presented the factual basis of the plea, the petitioner advised the Court that he was guilty of Count 2 of the indictment. (Id. at 26). The petitioner further stated under oath that no one had attempted to force him to plead guilty, and that he was pleading guilty of his own free will. (Id.). In addition, he testified that the plea was not the result of any promises other than those contained in the plea agreement. (Id.). The petitioner testified that his attorney had adequately represented him, that there was nothing his attorney did not do that he thought should have been done, and there was nothing his attorney had done that he thought was done improperly. (Id. at 27). Finally, petitioner said that he was in fact guilty of the crime to which he was pleading guilty. (Id.).

At the conclusion of the hearing, the Court determined that the plea was made freely and voluntarily, that the petitioner understood the consequences of pleading guilty, and that the elements of the crime were established beyond a reasonable doubt. (Id. at 27 - 28). The petitioner did not object to the Court's finding.

On May 11, 2011, the petitioner appeared before the Court for sentencing. After considering several factors, including the circumstances of the crime; the defendant himself; the defendant's new criminal behavior and violations of the terms of his plea agreement while on

3

pre-trial release after the entry of his plea; and the sentencing objectives of punishment, the Court sentenced the petitioner to a term of 240 months imprisonment.

**B. Appeal**

Petitioner did not pursue a direct appeal.

**C. Federal Habeas Corpus**

Petitioner raises only one ground in his petition, that the District Court improperly denied him a 3-point reduction in the calculation of his offense level at sentencing, when it denied him an adjustment for acceptance of responsibility.

**D. Recommendation**

Based upon a review of the record, the undersigned recommends that the petitioner's §2255 motion be denied and dismissed from the docket because petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack the conviction and sentence.

### III. ANALYSIS

"[T]he guilty plea and the often concomitant plea bargain are important components of this country's criminal justice system. Properly administered, they can benefit all concerned." Blackledge v. Allison, 431 U.S. 63, 71 (1977). However, the advantages of plea bargains "can be secure . . . only if dispositions by guilty plea are accorded a great measure of finality." Id. "To this end, the Government often secures waivers of appellate rights from criminal defendants as part of their plea agreement." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005).

In United States v. Attar, 38 F.3d 727, 731 (4th Cir. 1994), the Fourth Circuit found that "a waiver-of-appeal-rights provision in a valid plea agreement is enforceable against the defendant so long as it is the result of a knowing and intelligent decision to forgo the right to

4

appeal." The Fourth Circuit then found that whether a waiver is knowing and intelligent "depends upon the particular facts and circumstances surrounding [its making], including the background, experience, and conduct of the accused." Id. After upholding the general validity of a waiver-of-appeal-rights provision, the Fourth Circuit noted that even with a waiver-of-appeals-rights provision, a defendant may obtain appellate review of certain limited grounds. Id. at 732. For example, the Court noted that a defendant "could not be said to have waived her right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race." Id. Nor did the Court believe that a defendant "can fairly be said to have waived his right to appeal his sentence on the ground that the proceedings following the entry of the guilty plea were conducted in violation of the Sixth Amendment right to counsel." Id.

Subsequently, in Lemaster, the Fourth Circuit saw no reason to distinguish between waivers of direct appeal rights and waivers of collateral attack rights. Lemaster, 403 F.3d at 220. Therefore, like the waiver-of-appeal-rights provision, the Court found that the waiver of the right to collaterally attack a sentence is valid as long as it is knowing and voluntary. Id. And, although the Court expressly declined to address whether the same exceptions apply since Lemaster failed to make such an argument, the court stressed that it "saw no reason to distinguish between waivers of direct-appeal rights and waivers of collateral-attack rights." Id. at n. 2.

The recent unpublished decision United States v. Morris, No. 07-4223, slip op. (4th Cir. Sept. 13, 2007) indicates that when the district court conducts a thorough Rule 11 colloquy and the defendant specifically mentions he waives the right to appeal any sentence below the

statutory maximum, the record established that defendant made a knowing and voluntary waiver of rights. Similarly here, the district court conducted a Rule 11 colloquy and the petitioner acknowledged that he waived his right to appeal any sentence that was within the maximum provided by the statute of conviction, a maximum penalty of not more than twenty years. (Dkt.# 66 at 11, 13 and 16). Petitioner waived his right to collaterally attack the sentence if his sentence was within the maximum provided by the statute of conviction, or not more than twenty years. (Id.). His sentence was 240 months imprisonment, or twenty years. The only reasonable conclusion is petitioner waived the right to collaterally attack the guilty plea and sentence. Therefore, petitioner has waived his right to bring this claim, and relief should be denied.

## IV. <u>RECOMMENDATION</u>

For the foregoing reasons, the undersigned recommends that Petitioner's §2255 motion be **DENIED** and dismissed from the docket.

**Within fourteen (14) days** after being served with a copy of this report and recommendation, **or by July 5, 2012,** any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge**. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.** 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985): <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: June 20, 2012

                                               /s/ James E. Seibert
                                              JAMES E. SEIBERT
                                              UNITED STATES MAGISTRATE JUDGE